O

# United States District Court
# Central District of California

| | |
|---|---|
| FABRIC SELECTIONS, INC., <br> Plaintiff, <br> v. <br> MANJEET INTERNATIONAL, INC.; UNION APPAREL GROUP, LTD.; and DOES 1 through 10, inclusive, <br> Defendants. | Case № 2:17-cv-02353-ODW (KS) <br><br> **ORDER DENYING MOTION FOR DEFAULT JUDGMENT [17]** |

## I. INTRODUCTION

This is a fabric copyright case. Before the Court is Plaintiff Fabric Selection, Inc.'s motion for default judgment against Defendant Manjeet International, Inc. (ECF No. 17.) For the following reasons, the Court **DENIES** the motion.[1]

## II. FACTUAL BACKGROUND

Plaintiff is a Los Angeles-based fabric designer. (Compl. ¶ 1, ECF No. 1.) Defendant Manjeet International, Inc. ("Manjeet") is an "importer and/or wholesaler of apparel in the business of selling garments and apparel to retailers/distributors."

---

[1] After considering the moving papers, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

1 (*Id.* ¶ 2.) Defendant Union Apparel Inc. ("Union") is in essentially the same business as Manjeet. (*Id.* ¶ 3.)

Plaintiff designed the relevant SE41092 fabric pattern and subsequently registered the pattern with the United States Copyright Office. (*Id.* ¶¶ 9, 10.) At some point, Plaintiff discovered that Union and Manjeet (collectively "Defendants") were distributing goods featuring the pattern without authorization. (*Id.* ¶ 15.) Plaintiff sent cease and desist letters to Defendants on September 20, 2016, demanding that they discontinue their unauthorized manufacture, sale, and distribution of goods featuring the infringing pattern. (*Id.*) Defendants did not cease their activities. (*Id.* ¶¶ 18, 27.)

Plaintiff filed this lawsuit against Defendants on March 27, 2017, alleging (1) copyright infringement and (2) contributory copyright infringement. (*Id.* ¶¶ 11–30.) On May 1, 2017, the Clerk of Court entered default against Manjeet at Plaintiff's request. (ECF No. 15.) On May 8, 2017, Plaintiff filed the pending motion for default judgment with the Court. (ECF No. 17.)

Attached to Plaintiff's motion for default judgment is a declaration from Plaintiff's attorney Stacy Knox attempting to clarify the roles that Union and Manjeet played in the infringing activity. (*See* Knox Decl., ECF No. 17.) According to the declaration, Knox spoke to Edison Wong, a Union representative, who indicated that Union had "received additional, unauthorized units . . . of garments bearing the Subject Design from Manjeet." (*Id.* ¶ 3.) Knox then spoke with Sudeep Kaur, a Manjeet representative, who confirmed that Manjeet manufactured the goods in question. (*Id.* ¶ 4.) Kaur stated that Manjeet manufactured the goods at Union's request, believing that Union "owned" the pattern. (*Id.*)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter a default judgment following an entry of default by the clerk against a defendant that fails to respond to a complaint. A district court has discretion as to whether to enter a

default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability generally is conclusively established, and well-pleaded factual allegations in the complaint are accepted as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors, including (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. DISCUSSION

Since the Supreme Court's decision in *Frow v. De La Vega*, 82 U.S. 552 (1872) more than one hundred years ago, courts have consistently held that where "a complaint alleges [that the] defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *Nielson v. Chang*, 253 F.3d 520, 532 (9th Cir. 2001); *Societe d'Equipments Internationaux Nigeria, Ltd v. Dolarian Capital, Inc.*, No. 115CV01553DADSKO, 2016 WL 6868023, at *2 (E.D. Cal. Nov. 21, 2016) (cumulating cases to show that *Frow* remains good law in the Ninth Circuit). This is because it would be "absurd" for a court to enter inconsistent judgments against two defendants that essentially engaged in the same course of conduct. *See Frow*, 82 U.S. at 554; *Vaughn v. Wells Fargo Bank, N.A.*, No. CV1205453DMGJEMX, 2012 WL 12893781, at *2 (C.D. Cal. Nov. 29, 2012) ("[C]ourts find that it would be 'incongruous and unfair' to allow a plaintiff to prevail against defaulting defendants on a legal theory later rejected with respect to an answering defendant 'in the same action.'" (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012))).

While this common law rule was originally limited to jointly-liable co-defendants, in recent years, the Ninth Circuit has extended the rule to encompass "similarly situated" parties. *Garamendi*, 683 F.3d at 1082–83. A defaulting party is similarly situated to an answering party when the case against both parties rests on the "same legal theory." *Id.*; *see also Vaughn*, 2012 WL 12893781, at *2 (finding parties to be similarly situated where causes of action were common to defaulting and answering defendants and all defendants were liable for the full amount of damages); *Mason v. City of Lake Forest Park*, No. C13-0676-JCC, 2014 WL 4093933, at *4 (W.D. Wash. Aug. 18, 2014) (denying motion for default judgment where "three of the four" claims were alleged against "all defendants," some of whom answered and some of whom did not); *Societe d'Equipments*, 2016 WL 6868023, at *3 (finding that parties were "similarly situated" where "the claims, facts, and legal issues asserted in the complaint relative to each of the two defendants" were similar).

This case has the potential to implicate the common law rule annunciated in *Frow* because one of the defendants has answered the complaint (Union) and the other has not (Manjeet). *See Nielson*, 253 F.3d at 532. As such, the Court considers whether Defendants are jointly liable or similarly situated and whether there is a risk of inconsistent judgments.

**A. Whether Defendants are Jointly Liable or Similarly Situated**

To begin, Union and Manjeet are likely to be held jointly liable for any infringement because it appears they were part of a distribution chain that produced infringing goods. (*See* Knox Decl. ¶¶ 3–4); *see also Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 973 (N.D. Cal. 2015) (cumulating cases for the proposition that members of a distribution chain involving infringing goods may be held jointly liable for infringement).

Further, Defendants are similarly situated. Defendants are subject to the same two causes of action and are liable for the full range and amount of damages. *See Vaughn*, 2012 WL 12893781, at *2. Indeed, the complaint itself makes no distinction

between the actions of Union and Manjeet. (*See e.g.*, Compl. ¶¶ 12–13, 16.) Adding in the facts from the Knox declaration does little to change this—Defendants were allegedly on opposite ends of the same transaction involving infringing goods. (Knox Decl. ¶¶ 3–4.)

**B. Whether There is a Risk of Inconsistent Judgments**

As discussed above, in reviewing a motion for default judgment, the Court must take the allegations in the complaint as true. *TeleVideo Sys.*, 826 F.2d at 917–18. As such, the Court must take the allegation in the complaint that Manjeet engaged in various forms of infringing conduct as true. (*See* Compl. ¶¶ 12–13.)

Union, on the other hand, has answered the complaint and denied that any infringing conduct occurred. (Answer ¶¶ 11–30.) Union has also asserted a number of affirmative defenses, including that Plaintiff cannot establish authorship or the requisite level of originality for the work in question. (*Id.* ¶¶ 32–33, 38.) Union further asserts the affirmative defenses of fraud on the copyright office and unclean hands. (*Id.* ¶¶ 32, 41.)

These affirmative defenses would apply equally to Union and Manjeet. For instance, if Union proved that there was a lack of originality and by extension that Plaintiff's copyright had been improperly granted by the copyright office, then there would be no basis for liability against either defendant. *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992) ("Originality is the indispensable prerequisite for copyrightability."). If such a scenario came to pass, it would not be equitable to allow a default judgment to stand against Manjeet. *See Vaughn*, 2012 WL 12893781, at *2 ("[C]ourts find that it would be 'incongruous and unfair' to allow a plaintiff to prevail against defaulting defendants on a legal theory later rejected with respect to an answering defendant 'in the same action.'" (quoting *Garamendi*, 683 F.3d at 1082–83)). While it is unclear whether Union will ultimately prevail on any of its affirmative defenses, the Court finds that the best course of action is to deny the pending motion for default judgment at this time. Plaintiff may refile this motion at

the conclusion of the proceedings against Union. *See Garamendi*, 683 F.3d at 1083 (noting that district courts should adjudicate defaults after adjudicating the case of answering defendants); *see also Guotai USA, Co., Ltd. v. J&Company, LLC*, No. 216CV06948ODWPLA, 2017 WL 1740014, at *5 (C.D. Cal. May 3, 2017).

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for default judgment *without prejudice*. (ECF No. 17.) Plaintiff may refile its motion at the conclusion of the proceedings against Union.

**IT IS SO ORDERED.**

May 24, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**